## BIBB MFG. CO., Inc., v. POPE.

District Court, S. D. New York. February 16, 1925.

**1. Bankruptcy ⬙316(2, 4)—Installments due from principal at time of guarantor's petition in bankruptcy are provable claims, but installments thereafter maturing are not provable nor affected by discharge.**

Installments due and unpaid by principal debtor before guarantor's filing of petition in bankruptcy are provable claims against estate of guarantor, while those falling due thereafter are contingent liabilities, unaffected by discharge of guarantor in bankruptcy.

**2. Bankruptcy ⬙315(1)—Guarantor's confession of judgment for unmatured installments did not make them provable claims, affected by bankrupt's discharge.**

Where guarantor of debt to be paid in installments confessed judgment for amount of unpaid installments, part of which were not then due, and filed petition in bankruptcy, *held*, the confession of judgment did not make the unmatured installments provable claims, affected by discharge of guarantor, particularly in view of Civil Practice Act N. Y. § 545.

At Law. Action by the Bibb Manufacturing Company, Inc., against Charles H. Pope. On motion by plaintiff for judgment on pleadings. Motion granted.

Judgment affirmed 22 F.(2d) 558.

Root, Clark, Buckner & Howland, of New York City (Grenville Clark, Cloyd Laporte, and Joseph Schreiber, all of New York City, of counsel), for plaintiff.

Hendrick & Hendrick, of New York City (John H. Hendrick and John L. Sheehan, both of New York City, of counsel), for defendant.

AUGUSTUS N. HAND, District Judge. The plaintiff moves for judgment on the pleadings. The defendant is a guarantor under an agreement to make various payments by monthly installments of sums of money in discharge of a judgment recovered by the plaintiff herein against C. H. Pope & Co., Inc. These payments were met up to May 15, 1923, when the first default occurred. Similar monthly defaults occurred up to December 24, 1923, when the defendant filed his voluntary petition in bankruptcy. He thereafter filed a petition for a discharge. On October 16, 1923, an involuntary petition in bankruptcy was filed against C. H. Pope & Co., Inc., and it was thereafter adjudicated a bankrupt but has received no discharge. At the time the defendant filed his petition in bankruptcy there were installments aggregating $14,000, due and unpaid by C. H. Pope & Co., Inc., under its agreement, and $43,000 thereafter to become due.

On December 12, 1923, the defendant herein executed a so-called confession of judgment for $57,000, reciting the $14,000 then due and the $43,000 thereafter to become due. By the terms of the agreement of guaranty with the defendant herein the Bibb Manufacturing Company was to be at liberty to take such proceedings as it might be advised to collect its original judgment against C. H. Pope & Co., Inc., in full, in case the latter should fail to pay any of the installments, or a trustee in bankruptcy should be appointed either of C. H. Pope & Co., Inc., or of C. H. Pope.

[1] It is entirely clear that there is no proof of an election on the part of the Bibb Manufacturing Company that unpaid installments should be due. There is, therefore, the not uncommon case of a claim against a guarantor who has guaranteed the payment of installments payable after the petition was filed, whereupon he was adjudged a bankrupt. Installments due and unpaid by his principal before the petition was filed are provable

claims against a guarantor or surety, and those falling due thereafter are contingent liabilities, unaffected by a discharge. In re Merrill & Baker (C. C. A.) 186 F. 312.

[2] The confession of judgment in no way altered the situation in regard to the installments falling due after C. H. Pope filed his petition in bankruptcy. Section 545 of the New York Civil Practice Act, which provides that execution can only be issued upon a judgment like the one confessed as the installments become due shows its contingent nature. Such a judgment does not, in my opinion, create an indebtedness presently owing but is as contingent a liability as was the guaranty to meet the unpaid installments for which the judgment was entered. See Moore v. Douglas (C. C. A.) 230 F. at page 402.

The stay affecting this action is vacated, and the motion for judgment and execution as to the amount of the installments due and unpaid since December 24, 1923, is granted.